WILLIAMS v CUNNINGHAM DRUG STORES, INC

Docket No. 77516. Argued March 4, 1987 (Calendar No. 13). Decided
. January 19, 1988.

Willie Williams and Cleva Williams, his wife, brought an action
in the Wayne Circuit Court against Cunningham Drug Stores,
Inc., alleging breach of a duty to exercise reasonable care for
the safety of its patrons by failing to provide armed, visible
security guards and by failing to intercede on Mr. Williams'
behalf at the time of an armed robbery during which Mr.
Williams was shot outside the defendant's store. The court,
Michael J. Connor, J., directed a verdict for the defendant,
holding, as a matter of law, that the defendant did not have a
duty to protect the plaintiff from the unforeseeable acts of a
third party. The Court of Appeals, GRIBBS, P.J., and MACKEN-
ZIE and GAGE, JJ., affirmed (Docket No. 75663). The plaintiffs
appeal.

In an opinion by Justice CAVANAGH, joined by Chief Justice
RILEY and Justices LEVIN, BRICKLEY, BOYLE, and GRIFFIN, the
Supreme Court *held:*

As a matter of law, the duty of reasonable care a merchant
owes invitees does not extend to providing armed, visible secu-
rity guards to protect customers from the criminal acts of third
parties. The merchant is not an insurer of the safety of invi-
tees, and, for reasons of public policy, does not have the
responsibility to provide police protection on business premises.

1. Generally, one person has no duty to aid or protect
another. However, where a special relationship exists between
parties, such as common carriers and passengers, innkeepers
and guests, employers and employees, or owners or occupiers of
land and invitees, an affirmative duty to protect is imposed on
the party in control because that party is best able to provide a
place of safety. With respect to owners and occupiers of land,
the duty is not absolute; it does not extend to conditions from

REFERENCES

Am Jur 2d, Constitutional Law §§ 424 *et seq.*

Liability of owner or operator of shopping center, or business
housed therein, for injury to patron on premises from criminal
assault by third party. 93 ALR3d 999.

which an unreasonable risk cannot be anticipated or to dangers so obvious and apparent that discovery by an invitee may be expected. An occupier of land is not an insurer of the safety of invitees; the occupier's duty is only to exercise reasonable care for their protection.

2. A merchant's duty of reasonable care does not include providing armed, visible security guards to deter criminal acts of third parties. Such a duty is vested in the government by the constitution and statute. Although a merchant can control the conditions of business premises by correcting physical defects that may result in injuries to invitees, the merchant does not have control over the incidence of crime in the community. In addition, fairness would require that if a merchant could be held liable for the failure to provide security guards, it should be possible for the merchant to ascertain in advance the extent of the duty and whether it has been fulfilled. Finally, imposition on a merchant of a duty to provide police protection is against the public interest. To shift the duty of police protection from the government to the private sector would amount to advocating that members of the public resort to self-help, in contravention of public policy.

Justice ARCHER concurred in the result.

Affirmed.

146 Mich App 23; 379 NW2d 458 (1985) affirmed.

NEGLIGENCE — BUSINESS INVITEES — DUTY OF REASONABLE CARE — SECURITY GUARDS.

As a matter of law, the duty of reasonable care a merchant owes invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties; the merchant is not an insurer of the safety of invitees, and, for reasons of public policy, does not have the responsibility for providing police protection on business premises.

*Rader & Eisenberg, P.C.* (by *Ronald B. Rader* and *Merrill H. Gordon*); (*David J. Franks*, of counsel) for the plaintiffs.

*Barbier, Petersmarck, Tolleson, Mead & Paige, P.C.* (by *Daniel C. Symonds* and *Christopher G. Manolis*), for the defendant.

CAVANAGH, J. In this case of first impression we are asked to determine whether a store owner must provide armed, visible security guards to protect customers from the criminal acts of third parties.

I

On May 4, 1979, plaintiff Willie Williams was shopping in a Cunningham drug store located in a high crime area of the City of Detroit. A plainclothes security guard was employed by the store, but on the day in question he was sick. Store personnel called the main office to request a substitute, but one was not sent.[1]

While plaintiff was shopping, an armed robbery occurred. During the resulting confusion and panic, plaintiff ran out of the store, directly behind the fleeing robber. As the two men were outside, the robber turned and shot plaintiff.[2]

In May of 1980, plaintiff filed a complaint against defendant Cunningham Drug Stores, alleging that defendant had breached its duty to exercise reasonable care for the safety of its patrons. Specifically, plaintiff alleged that defendant had failed to provide armed, visible security guards and had failed to intercede after having noticed that an armed robbery was in progress. Plaintiff's

[1] At trial, defendant Cunningham's director of corporate security testified that the security personnel were employees of defendant and were purposely plainclothed and unarmed. Their primary purpose, in addition to protection of assets, was to summon medical assistance if an injury or illness occurred on the premises. These security personnel were specifically instructed not to intervene in the event of a robbery.

[2] The Court of Appeals correctly noted that the record does not establish whether Williams was on defendant's premises when shot. 146 Mich App 23, 25; 379 NW2d 458 (1985). However, counsel for defendant stated at oral argument that Williams was somewhere outside the store when the shooting occurred.

wife, Cleva Williams, brought a claim of loss of consortium.[3]

Upon the close of plaintiffs' proofs at trial, defendant moved for a directed verdict pursuant to GCR 1963, 515.1 (now MCR 2.515), on the basis that defendant did not have a duty to protect plaintiff from the unforeseeable acts of a third party. The trial court granted defendant's motion as a matter of law and directed a verdict of no cause of action.

Plaintiff appealed by right in the Court of Appeals, which affirmed, holding that as a matter of law defendant's duty of reasonable care did not extend to providing the degree of protection plaintiffs claimed was due. *Williams v Cunningham Drug Stores, Inc,* 146 Mich App 23; 379 NW2d 458 (1985).

We granted plaintiffs' application for leave to appeal, 425 Mich 871 (1986), and now affirm.

II

In determining standards of conduct in the area of negligence, the courts have made a distinction between misfeasance, or active misconduct causing personal injury, and nonfeasance, which is passive inaction or the failure to actively protect others from harm. The common law has been slow in recognizing liability for nonfeasance because the courts are reluctant to force persons to help one another and because such conduct does not create a new risk of harm to a potential plaintiff.[4] Thus,

---

[3] Prior to trial, Willie Williams died of causes unrelated to the shooting. His widow Cleva now maintains his cause of action as the personal representative of his estate.

[4] See Prosser & Keeton, Torts (5th ed), § 56, p 373.

as a general rule, there is no duty that obligates one person to aid or protect another.[5]

Social policy, however, has led the courts to recognize an exception to this general rule where a special relationship exists between a plaintiff and a defendant.[6] Thus, a common carrier may be obligated to protect its passengers, an innkeeper his guests, and an employer his employees.[7] The rationale behind imposing a duty to protect in these special relationships is based on control. In each situation one person entrusts himself to the control and protection of another, with a consequent loss of control to protect himself.[8] The duty to protect is imposed upon the person in control because he is best able to provide a place of safety.

Owners and occupiers of land are in a special relationship with their invitees and comprise the largest group upon whom an affirmative duty to protect is imposed. The possessor of land has a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land.[9] Consequently, a landlord may be held liable for an unreasonable risk of harm caused by a dangerous condition in the areas of common use retained in his control such as lobbies, hallways, stairways, and elevators.[10] Likewise, a business invitor or merchant

[5] 2 Restatement Torts, 2d, § 314, p 116.

[6] 2 Restatement Torts, 2d, § 314A, p 118.

[7] See, e.g., *Frederick v Detroit,* 370 Mich 425; 121 NW2d 918 (1963) (common carrier-passenger); *Keech v Clements,* 303 Mich 69; 5 NW2d 570 (1942) (innkeeper-guest); *Bradley v Stevens,* 329 Mich 556; 46 NW2d 382 (1951) (employer-employee).

[8] Bazyler, *The duty to provide adequate protection: Landowners' liability for failure to protect patrons from criminal attack,* 21 Ariz L R 727, 736 (1979).

[9] 2 Restatement Torts, 2d, § 343, pp 215-216.

[10] 2 Restatement Torts, 2d, § 360, p 250; see *Johnston v Harris,* 387 Mich 569; 198 NW2d 409 (1972). The landlord is not liable for injuries that occur within the boundaries of the leased premises. *Williams v*

may be held liable for injuries resulting from negligent maintenance of the premises or defects in the physical structure of the building.[11]

The duty a possessor of land owes his invitees is not absolute, however. It does not extend to conditions from which an unreasonable risk cannot be anticipated or to dangers so obvious and apparent that an invitee may be expected to discover them himself.[12] Furthermore, "the occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection."[13]

### III

The question before us in this case is whether a merchant's duty to exercise reasonable care includes providing armed, visible security guards to protect invitees from the criminal acts of third parties. Plaintiffs contend that it does and that the trial court erred in granting defendant's motion for a directed verdict rather than allowing the jury to determine whether defendant's conduct met the standard of reasonable care.

In deciding this question, we note that the court and jury perform different functions in a negligence case. Among other things, the court decides the questions of duty and the general standard of care, and the jury determines what constitutes reasonable care under the circumstances. However, in cases in which overriding public policy

_Detroit,_ 127 Mich App 464; 339 NW2d 215 (1983); _Pagano v Mesirow,_ 147 Mich App 51; 383 NW2d 103 (1985), lv den 424 Mich 895 (1986).

[11] See, generally, 3 Speiser, Krause & Gans, The American Law of Torts, §§ 14:14-14:47, pp 937-1187.

[12] 2 Restatement Torts, 2d, § 343A, p 218; Prosser & Keeton, Torts (5th ed), § 61, pp 425-427.

[13] Prosser & Keeton, Torts (5th ed), § 61, p 425; see also _Kroll v Katz,_ 374 Mich 364, 372-373; 132 NW2d 27 (1965).

concerns arise, the court determines what constitutes reasonable care. See *Moning v Alfono*, 400 Mich 425, 438; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977). Such public policy concerns exist in the present case, and therefore the question whether defendant's conduct constituted reasonable care is one the court should determine as a matter of law.

We agree with the Court of Appeals that a merchant's duty of reasonable care does not include providing armed, visible security guards to deter criminal acts of third parties.[14] We decline to extend defendant's duty that far in light of the degree of control in a merchant's relationship with invitees, the nature of the harm involved, and the public interest in imposing such a duty.[15]

The duty advanced by plaintiffs is essentially a duty to provide police protection. That duty, however, is vested in the government by constitution and statute.[16] We agree with the Court of Appeals

[14] A merchant may voluntarily provide security guards in accordance with the Private Security Guard Act, MCL 338.1051 *et seq.;* MSA 18.185(1) *et seq.* We hold today only that he is under no duty to do so.

[15] We note that 2 Restatement Torts, 2d, § 344, pp 223-224, states that a business owner is subject to liability for physical harm caused by the intentional acts of third parties. However, given the public policy concerns underlying our decision in this case, we decline to apply that section to these facts. See *Smith v Allendale Mutual Ins Co,* 410 Mich 685, 713; 303 NW2d 702 (1981), reh den 411 Mich 1154 (1981).

We note, however, that some courts have recognized a defendant's duty to protect business invitees in situations similar to the facts of this case. For example, the Supreme Court of Colorado, in a four-to-three decision, has cited 2 Restatement Torts, 2d, § 344, pp 223-224, and, in the interest of "fairness," affirmed the imposition of liability upon a merchant for failing to take measures to protect invitees from the criminal acts of unknown third persons. See *Taco Bell, Inc v Lannon,* 744 P2d 43 (Colo, 1987).

[16] Under Const 1963, art 7, § 22, cities and villages have the power to form and adopt a local charter and to adopt resolutions and ordinances relating to municipal concerns. Various statutes allow municipalities to establish police forces. See MCL 41.181; MSA 5.45(1)

in this case that neither the Legislature nor the constitution has established a policy requiring that the responsibility to provide police protection be extended to commercial businesses.

Furthermore, although defendant can control the condition of its premises by correcting physical defects that may result in injuries to its invitees, it cannot control the incidence of crime in the community. Today a crime may be committed anywhere and at any time. To require defendant to provide armed, visible security guards to protect invitees from criminal acts in a place of business open to the general public would require defendant to provide a safer environment on its premises than its invitees would encounter in the community at large. Defendant simply does not have that degree of control and is not an insurer of the safety of its invitees.[17]

In addition, any duty we might impose on defendant to protect its invitees from the criminal acts of third parties would be inevitably vague, given the nature of the harm involved. Fairness requires that if a merchant could be held liable for the failure to provide security guards, he should be able

(townships); MCL 42.12; MSA 5.46(12) (charter townships); MCL 67.44; MSA 5.1328 (villages); MCL 91.1, 92.4; MSA 5.1740, 5.1752 (fourth-class citizens); MCL 117.3(j); MSA 5.2073(j) (home rule cities).

[17] We find that a landlord has more control in his relationship with his tenants than does a merchant in his relationship with his invitees. Should a dangerous condition exist in the common areas of a building which tenants must necessarily use, the tenants can voice their complaints to the landlord. Thus, in *Samson v Saginaw Professional Building, Inc*, 393 Mich 393, 408-411; 224 NW2d 843 (1975), we upheld a landlord's duty to investigate and take available preventive measures when informed by his tenants that a possible dangerous condition exists in the common areas of the building, noting that the landlord's duty may be slight. The relationship between a merchant and invitee, however, is distinguishable because the merchant does not have the same degree of control. When the dangerous condition to be guarded against is crime in the surrounding neighborhood, as it is in the present case, the merchant may be the target as often as his invitees. Therefore, there is little the merchant can do to remedy the situation, short of closing his business.

to ascertain in advance the extent of his duty and whether he has fulfilled it.[18] In this respect, we note the comments of the New Jersey Supreme Court in *Goldberg v Newark Housing Authority,* 38 NJ 578, 589-590; 186 A2d 291 (1962), a case in which that court held that the municipal housing authority did not have a duty to provide police protection for its tenants:

> And if a prescient owner concludes the duty is his, what measures will discharge it? It is an easy matter to know whether a stairway is defective and what repairs will put it in order. Again, it is fairly simple to decide how many ushers or guards suffice at a skating rink or a railroad platform to deal with the crush of a crowd and the risks of unintentional injury which the nature of the business creates, but how can one know what measures will protect against the thug, the narcotic addict, the degenerate, the psychopath and the psychotic? Must the owner prevent *all* crime? We doubt that any police force in the friendliest community has achieved that end.

Even if a merchant were not required to prevent all crime, defining a reasonable standard of care short of that goal might well be impossible.

Finally, we note that imposing the duty advanced by plaintiffs is against the public interest. The inability of government and law enforcement officials to prevent criminal attacks does not justify transferring the responsibility to a business owner such as defendant. To shift the duty of police protection from the government to the private sector would amount to advocating that mem-

---

[18] As noted by Oliver Wendell Holmes in his lecture on the theory of negligence, "[A]ny legal standard must, in theory, be capable of being known. When a man has to pay damages, he is supposed to have broken the law, and he is further supposed to have known what the law was." Holmes, The Common Law, Lecture III (Boston: Little, Brown & Co, 1923), p 111.

bers of the public resort to self-help. Such a proposition contravenes public policy.[19]

## IV

We conclude as a matter of law that the duty of reasonable care a merchant owes his invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. The merchant is not an insurer of the safety of his invitees, and for reasons of public policy he does not have the responsibility for providing police protection on his premises. Accordingly, the decision of the Court of Appeals is affirmed.

RILEY, C.J., and LEVIN, BRICKLEY, BOYLE, and GRIFFIN, JJ., concurred with CAVANAGH, J.

ARCHER, J., concurred in the result.

[19] Furthermore, shifting the financial loss caused by crime from one innocent victim to another is improper. *Davis v Allied Supermarkets, Inc,* 547 P2d 963, 965 (Okla, 1976).