MADLEY v THE EVENING NEWS ASSOCIATION

Docket No. 95178. Submitted January 12, 1988, at Detroit. Decided March 21, 1988. Leave to appeal applied for.

Robert J. Madley, Jr., a newspaper carrier employed as an independent contractor by The Evening News Association, was injured when he was struck by an automobile while crossing a thoroughfare on his bicycle immediately after leaving the premises of an Evening News Association pickup station. Robert J. Madley, Sr., as next friend of Robert J. Madley, Jr., brought a negligence action in Wayne Circuit Court against The Evening News Association. The trial court, Maureen P. Reilly, J., granted summary disposition in favor of the defendant, ruling that, with no actionable duty owed by defendant to the injured newspaper carrier, plaintiff had failed to state a claim upon which relief can be granted. Plaintiff appealed.

The Court of Appeals *held:*

1. No special relationship involving confidence, treatment and control such as that between a physician and patient or between a victim and rescuer existed between defendant and the injured newspaper carrier which would have given rise to a duty owed by defendant to the injured newspaper carrier.

2. The duty of care owed by defendant to the injured newspaper carrier as its business invitee was limited to the period of time the carrier was at defendant's pickup station and did not exist after he left the pickup station.

3. The law in Michigan may not be construed to require of an independent contractor's employer any duty to the contractor once he has left the premises where the employment situation exists. To do so would negate the basis of the law of premises liability, which establishes a premises owner's duty to business

REFERENCES

Am Jur 2d, Negligence §§ 6, 36, 37.

Newspaper boy or other news carrier as independent contractor or employee for purposes of respondeat superior. 55 ALR3d 1216.

See also the annotations in the Index to Annotations under Independent Contractors; Newspaper Carriers, and Newspapers and Periodicals.

invitees only when the invitee is on property within the control of the owner of the premises.

Affirmed.

1. NEGLIGENCE — DUTY — QUESTION OF LAW.

A trial court in an action for negligence assesses competing policy considerations and determines as a matter of law whether the defendant owes an actionable legal duty to the plaintiff.

2. NEGLIGENCE — INDEPENDENT CONTRACTORS.

No special relationship involving confidence, treatment and control such as that between physician and patient or between victim and rescuer exists between a newspaper company and its newspaper carrier who is employed as an independent contractor so as to give rise to an actual duty to prevent injuries to the carrier after the carrier leaves the premises which are under the newspaper company's control.

3. NEGLIGENCE — DUTY — BUSINESS INVITEES.

A business invitee is owed a duty of care by an owner or possessor of premises only while the invitee is on premises within the control of the owner or possessor; such owner or possessor does not owe an affirmative duty to prevent injury to a business invitee from accidents which are neither the fault of the owner or possessor nor the result of any condition he created.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Thomas Hardy*), for plaintiff.

*Barbier, Petersmarck, Tolleson, Mead, Paige & Carlin, P.C.* (by *Sharon S. Ireland* and *Thomas H. Hill*), for defendant.

Before: J. H. GILLIS, P.J., and WEAVER and G. S. ALLEN,* JJ.

WEAVER, J. Plaintiff appeals as of right from a circuit court order which granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(8).

---

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.

I

This suit arises from injuries to twelve-year-old Robert J. (Bobby) Madley, Jr., which occurred when he was struck by an automobile on January 25, 1982, at approximately 4:30 P.M. while crossing a busy thoroughfare in Detroit on his bicycle. At the time of the accident Bobby was employed as one of defendant's independent-contractor news-carriers and had just left defendant's pickup station after obtaining his newspapers.

Among the allegations in his complaint against the defendant newspaper[1] was the assertion that defendant breached a duty to provide Bobby and its other newscarriers with "a safe place to work including, but not limited to, the areas immediately adjacent to the work area which [was] used by the newsboys in the discharge of their duties," and that defendant failed to instruct, warn, and take precautions to prevent or protect them while crossing the roadway after leaving the pickup station on their bicycles.

On the day set for trial, defendant moved for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim upon which relief can be granted), alleging that it owed no duty because Bobby was an independent contractor. The motion was granted. Plaintiff appeals as of right.

On appeal, plaintiff argues that the trial court erred by granting summary disposition because defendant (1) failed in its alleged duty, arising from a "special relationship," to warn and protect Bobby from exposure to the dangers immediately outside defendant's premises within "seeing distance," and (2) breached a duty to distribute newspapers in a reasonably safe manner at a reason-

[1] Plaintiff's allegations against the codefendants driver and owner of the vehicle resulted in settlement.

ably safe location. We disagree with these contentions.

II

In order to overcome a motion for summary disposition, plaintiff needed to show on the basis of the pleadings alone, and reasonable inferences or conclusions therefrom, that defendant owed a duty to Bobby, because without a duty no liability for negligent conduct would arise. *Harrison Twp v Calisi,* 121 Mich App 777, 781-782; 329 NW2d 488 (1982); *Duvall v Goldin,* 139 Mich App 342, 347; 362 NW2d 275 (1984), lv den 422 Mich 976 (1985). The question of duty is one of law for the court, which must assess competing policy considerations to determine whether the relationship between the actor and the injured person will occasion the actor's legal obligation to the injured person. *Locklear v Stinson,* 161 Mich App 713, 715-716; 411 NW2d 834 (1987); *Moning v Alfono,* 400 Mich 425, 439; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977), supplemental order 402 Mich 958 (1978). *Jackson v New Center Community Mental Health Services,* 158 Mich App 25, 36; 404 NW2d 688 (1987).

Plaintiff's argument that there existed between defendant and Bobby a special relationship triggering liability for passive negligence or "nonfeasance" is unpersuasive. This situation is factually distinguishable from the situations found in cases upon which plaintiff relies. There existed between defendant and Bobby no characteristics such as confidence, treatment and control as were present in cases describing a physician-patient or psychiatrist-patient relationship. See *Shepard v Redford Community Hospital,* 151 Mich App 242, 245-246; 390 NW2d 239 (1986); *Paul v Plymouth General*

*Hospital,* 160 Mich App 537, 542; 408 NW2d 492 (1987); *Hinkelman v Borgess Medical Center,* 157 Mich App 314, 322, 324; 403 NW2d 547 (1987), lv den 428 Mich 905 (1987). Nor did there exist between defendant and Bobby the characteristics of a victim-rescuer relationship; it was not alleged that Bobby was in peril until after the accident and it was not alleged that defendant newspaper was negligent by failing to render aid. See *Petersen v Heflin,* 163 Mich App 402, 405-406; 413 NW2d 810 (1987). Other characteristics found in the special relationships described in additional cases are also lacking here. See *Samson v Saginaw Professional Building, Inc,* 393 Mich 393; 224 NW2d 843 (1975) (landlord-tenant relationship as to repair and safety of a building's common areas); *Farwell v Keaton,* 396 Mich 281; 240 NW2d 217 (1976), reh den 397 Mich 958 (1976) (social companions engaged in a common undertaking).

We also find unpersuasive plaintiff's suggestion that, if a special relationship did not already exist between defendant newspaper and its newscarriers, then policy considerations should justify our judicial creation of such a relationship. Special circumstances, which might conceivably give rise to a duty to warn, instruct, or take other precautions, do not exist in this case. It is not plausible to believe that creation of a special relationship is necessary to prevent "potential exploitation in the work force," since the newscarriers derive economic benefit from the independent contractor relationship. Nor is it plausible to believe that creation of a special relationship is necessary to enable the newscarriers adequately and safely to perform their jobs. Most children at the age of twelve can appreciate the dangers of crossing a busy street, and even plaintiff agrees that young

newscarriers are able to perform the job of delivering newspapers.

Furthermore, no allegation was made that defendant failed to exercise due care while Bobby, as an independent contractor, was a business invitee at the pickup station on defendant's premises. See *Beals v Walker,* 98 Mich App 214, 225; 296 NW2d 828 (1980), rev'd on other grounds 416 Mich 469 (1982); *Locklear, supra* at 716. This Court has recognized no affirmative duty to prevent accidents which are not the fault of the owner or possessor of the premises or the result of any condition he created. *Swartz v Huffmaster Alarms Systems, Inc,* 145 Mich App 431, 434-435; 377 NW2d 393 (1985). The accident in this case occurred outside defendant's premises. Defendant did not create any hazard which did not already exist, and did not increase existing hazards by either taking or not taking certain steps. See *Rodriguez v Detroit Sportsmen's Congress,* 159 Mich App 265, 272-273; 406 NW2d 207 (1987), lv den 428 Mich 905 (1987).

III

We reject plaintiff's argument that defendant newspaper engaged in active negligence or "misfeasance" by unreasonably exposing its newscarriers to a dangerous situation when requiring them to come to defendant's particular business location. The trial court properly refused to consider extrinsic facts and facts not alleged in plaintiff's complaint, since motions brought under MCR 2.116(C)(8) are tested by the pleadings alone. *Harrison, supra.* We support the trial court's finding that *Swartz v H M Eberly, Herr & Co, Inc,* 212 F Supp 32 (ED Pa, 1962), is not persuasive for the proposition that a newspaper company should be responsible for injuries to its independent-contrac-

tor newscarriers once they have left their pickup stations.

We do not believe that the law in Michigan may be construed to require of an independent contractor's employer any duty to the contractor once he has left the premises where the employment situation exists. To create, as did the *Eberly* court, the existence of such a duty on the public streets or sidewalks along the route which the carrier is traveling would, in our view, negate the basis of the law of premises liability in Michigan, which establishes a premises owner's duty to business invitees only when the invitee is on property within the control of the owner of the premises. See *Muscat v Khalil,* 150 Mich App 114, 126; 388 NW2d 267 (1986), lv den 425 Mich 864 (1986); *Dumka v Quaderer,* 151 Mich App 68, 72-75; 390 NW2d 200 (1986), lv den 426 Mich 861 (1986); *Huffmaster, supra; Rodriguez, supra.* The creation of such a duty would erroneously extend liability beyond the legal parameters of on-site safety. See *Clark v Dalman,* 379 Mich 251, 262; 150 NW2d 755 (1967).

For the foregoing reasons, the trial court did not err by finding that defendant owed no duty regarding Bobby's actions once he had left defendant's business premises. Taking all factual allegations of the complaint as true, along with inferences or conclusions fairly drawn therefrom, plaintiff's claim was so clearly unenforceable as a matter of law that no factual development could possibly have justified a right to recover, and summary disposition was properly granted pursuant to MCR 2.116(C)(8). *Harrison, supra.*

Affirmed.