## HORN v ARCO PETROLEUM COMPANY

Docket No. 92639. Submitted December 9, 1987, at Detroit. Decided June 2, 1988.

Peggy A. Horn allegedly suffered injuries when she was forcibly removed from her vehicle and the vehicle was stolen while she was a customer at a gasoline service station in the City of Detroit. Horn filed suit against Arco Petroleum Company and others, including Clark Oil and Refining Corporation, in Wayne Circuit Court alleging inter alia that Clark Oil, as lessor of the service station, was negligent in failing to require its lessee to post security guards to protect invitees and in failing to keep the premises safe despite knowing of the dangers posed to business invitees when it leased the property to its lessee. Clark Oil moved for summary disposition on the ground that it had no duty to protect plaintiff from the criminal acts of unknown assailants. The court, Sharon Tevis Finch, J., concluded that the real issue was whether Clark Oil had acted reasonably for the protection of business invitees and that summary disposition was inappropriate on this issue. Clark Oil appealed by leave granted.

The Court of Appeals *held:*

Clark Oil owed no legally recognized duty to protect plaintiff against the crime that allegedly occurred at the service station. There being no duty, the trial court erred in ruling that summary disposition was inappropriate.

Reversed.

1. NEGLIGENCE — DUTY.

The question of "duty" is one solely for the court to decide, the essential question being whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person; this

REFERENCES

Am Jur 2d, Garages, and Filling and Parking Stations §§ 107 *et seq.*
Am Jur 2d, Negligence §§ 36 *et seq.*
Am Jur 2d, Premises Liability §§ 62 *et seq.,* 123.
Liability of owner or operator of garage or gasoline filling station for bodily injury to nonemployees on premises. 8 ALR3d 6.

question, in part, depends on whether it is foreseeable that the actor's conduct may create a risk of harm to the victim.

2. NEGLIGENCE — BUSINESS INVITEES — DUTY OF REASONABLE CARE — MERCHANTS — LESSORS OF BUSINESS PREMISES.

The duty of reasonable care a merchant owes his invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties; the merchant is not an insurer of the safety of his invitees, and for reasons of public policy he does not have the responsibility for providing police protection on his premises; the same holds true for the lessor of business premises, and even more so where the lessor has relinquished control and possession of the premises to the merchant.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Edward E. Salah*), for defendant.

Before: BEASLEY, P.J., and DOCTOROFF and C. W. SIMON, JR.,* JJ.

PER CURIAM. In this negligence action, defendant Clark Oil and Refining Corporation appeals by leave granted from the trial court's April 28, 1986, order denying its motion for summary disposition under MCR 2.116(C)(8) and (10). We reverse.

In 1983, plaintiff Peggy Horn commenced this negligence action to recover damages for injuries allegedly sustained when her vehicle was stolen from a service station in the City of Detroit. Plaintiff alleged that she was a customer and business invitee of the service station at the time of the theft and that the perpetrator forcibly removed her from the vehicle in order to accomplish the theft. In an amended complaint, filed in 1984, plaintiff sought damages from Clark Oil based on its status as the lessor of the service station to the defendant-lessee Hazine Mohammed, doing business as Forman Service. Plaintiff alleged that defendant was negligent in failing to require Mo-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

hammed to post security guards to protect business invitees and, generally, in failing to keep the premises safe despite knowing of the dangers posed to business invitees when it leased the property to Mohammed.

Defendant Clark Oil responded to the amended complaint by moving for summary disposition on three occasions. In its third motion for summary disposition, defendant relied on recent decisions of this Court to argue that it had no duty to protect plaintiff from the criminal acts of unknown assailants. The trial court concluded that the real issue was whether defendant acted reasonably for the protection of business invitees and that summary disposition was inappropriate on this issue. Because we agree with defendant's claim that it owed no duty to plaintiff, we reverse and hold that the trial court should have granted judgment to defendant as a matter of law. MCR 2.116(I)(1).

"Duty" is a separate concept from the specific standard of care owed by an actor to an injured party. *Moning v Alfono,* 400 Mich 425, 436-437; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977). Duty has been defined as an "obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct towards another." *Schanz v New Hampshire Ins Co,* 165 Mich App 395, 402; 418 NW2d 478 (1988). If there is no duty, however, the question of what standard of conduct applies does not arise. *Moning, supra,* p 437. The question of duty is one solely for the court to decide, with the essential question being whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person. *Moning, supra,* pp 438-439; *Simonds v Tibbitts,* 165 Mich App 480, 483; 419 NW2d 5 (1987). This question, in part, depends on

whether it is foreseeable that the actor's conduct may create a risk of harm to the victim. *Moning, supra,* p 439.

Here, plaintiff's claim was based on defendant Clark Oil's nonfeasance and, in particular, on its failure to require its lessee to hire private security guards. In the recent case of *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), our Supreme Court noted that the common law has been slow to recognize liability for nonfeasance and, thus, as a general rule there is no duty that obligates a person to aid or protect another. One exception to this rule is recognized where there is a special relationship between the actor and the injured person. The rationale for this rule is based on social policy and on the actor having control so as to make the actor "best able to provide a place of safety." *Id.,* p 499. Since defendant supported its motion for summary disposition with an affidavit indicating that it relinquished control and possession of the service station to its lessee and no genuine issue of material fact was shown, this control rationale does not support imposing a duty on defendant.

More importantly, the *Williams* Court determined that, even where the actor has control over the physical condition of the business premises, that actor cannot control the incidence of crime in the community and is not an insurer of the safety of invitees. *Id.,* p 502. The Court went on to hold as a matter of law:

> [T]he duty of reasonable care a merchant owes his invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. The merchant is not an insurer of the safety of his invitees, and for reasons of public policy he does not have the

responsibility for providing police protection on his premises. [*Id.,* p 504.]

Where, as here, the defendant is a mere lessor of business premises, we find the rationale and holding of *Williams* particularly appropriate to the issue of duty. The risk of an unknown assailant appearing on the leased business premises and taking a vehicle from its possessor, while perhaps more foreseeable in an area of high crime, is not the type of risk on which the law is willing to base a duty. Therefore, we hold as a matter of law that defendant owed no legally recognized duty to protect plaintiff against the crime that allegedly occurred at the service station. There being no duty, the trial court erred in ruling that summary disposition was inappropriate.

Reversed.