THEIS v ABDULOOR

Docket No. 101539. Submitted August 16, 1988, at Detroit. Decided
    October 6, 1988.

    Evelyn Theis was attacked and mugged by unknown criminals
    after she left a store and was proceeding to her car in the
    store's parking lot. Plaintiff then brought an action in the
    Wayne Circuit Court against Malik Abduloor, individually, and
    doing business as Serv-Well Vintage Shop, alleging breach of
    duty to protect her as a business invitee. The trial court,
    Charles Kaufman, J., granted defendant's motion for summary
    disposition finding that defendant did not owe plaintiff a duty
    to provide security guards to protect her from criminal assault
    by unknown third parties. Plaintiff appealed.

        The Court of Appeals *held:*

        As a matter of law, the duty of reasonable care a merchant
    owes his invitees does not extend to providing armed, visible
    security guards to protect customers from the criminal acts of
    third parties. Since there is no legal duty to provide protection
    from criminal attacks, defendant is not liable for failing to
    provide security, even if security had been provided in the past.
        Affirmed.

1. NEGLIGENCE — BUSINESS INVITEES — DUTY OF REASONABLE CARE.
    A business invitor owes a duty to exercise reasonable care to
    protect invitees from an unreasonable risk of harm; such duty
    is not absolute and the question whether the invitor's conduct
    constituted reasonable care is one for the court to determine as
    a matter of law.

2. NEGLIGENCE — BUSINESS INVITEES — DUTY OF REASONABLE CARE —
    SECURITY GUARDS.
    The duty of reasonable care a merchant owes his invitees does

REFERENCES

Am Jur 2d, Premises Liability §§ 25, 26.

Liability of owner or operator of shopping center, or business
    housed therein, for injury to patron on premises from criminal
    assault by third party. 93 ALR3d 999.

Parking facility proprietor's liability for criminal attack on patron.
    49 ALR4th 1257.

not as a matter of law extend to providing armed, visible security guards to protect customers from the criminal acts of third parties; a merchant is not an insurer of the safety of his invitees and, for reasons of public policy, he does not have the responsibility for providing police protection on his premises, even if the merchant has provided security in the past.

*Greenstone & Scieszka, P.C.* (by *James A. Scieszka*), for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Jeanine R. Thoits* and *James E. Sukkar*), for defendant.

Before: DOCTOROFF, P.J., and WAHLS and T. L. BROWN,* JJ.

PER CURIAM. Plaintiff appeals from an order granting defendant summary disposition pursuant to MCR 2.116(C)(8) on the ground that as a matter of law defendant did not owe plaintiff a duty to protect her as a business invitee from injuries inflicted by unknown third-party criminal actors who "mugged" her. We affirm.

On July 5, 1985, after plaintiff left defendant's store in Detroit and was proceeding to her car, she was attacked and mugged by two people who held her, hit her over the head and dragged her across the parking lot. It was plaintiff's contention that defendant had reason to know or should have known of the high propensity for criminal activity in the area and on the premises. She alleged that, knowing it was a high-crime area, defendant breached the duty owed to her to keep the premises safe, to provide adequate lighting, to make sure that competent security was present, to maintain constant control and surveillance over the premises, and to come to her aid when she was in a position of peril.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In response to defendant's motion for summary disposition, plaintiff alleged that, after the incident, she was told by the owner or manager of the shop that the shop was located in a high-crime area and that it was their custom to escort women from the shop to their automobiles. Plaintiff also indicated that she had seen store personnel near the door before, watching over the parking lot, but she had not seen anyone watching on the night she was mugged.

The trial court found that as a matter of law defendant did not owe a duty to protect plaintiff from criminal attack because that was the duty of the police department. Defendant's motion for summary disposition was granted pursuant to MCR 2.116(C)(8).

On appeal, plaintiff claims that the trial court erred when it granted summary disposition in favor of defendant on the issue of duty. She alleges that the issue of whether a business invitor has a duty to protect his invitees from the criminal acts of third persons is a question of fact.

Summary disposition granted under MCR 2.116(C)(8), for failure to state a claim upon which relief can be granted, challenges the legal sufficiency of a plaintiff's claim. *Locklear v Stinson,* 161 Mich App 713, 715; 411 NW2d 834 (1987). All factual allegations in the pleadings are taken as true along with any reasonable inferences which may fairly be drawn from them. *McNeal v Henry,* 82 Mich App 88, 89; 266 NW2d 469 (1978). The motion should be granted only when the claim is so unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Rodis v Herman Kiefer Hospital,* 142 Mich App 425, 427-428; 370 NW2d 18 (1985).

This issue was recently decided in. *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418

NW2d 381 (1988). In *Williams,* the Supreme Court stated that, because of the special invitor-invitee relationship, a business invitor owes a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm, but that this duty is not absolute. *Williams,* pp 499-500. The Court concluded:

[T]he question whether defendant's conduct constituted reasonable care is one the court should determine as a matter of law.

* * *

We conclude as a matter of law that the duty of reasonable care a merchant owes his invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. The merchant is not an insurer of the safety of his invitees, and for reasons of public policy he does not have the responsibility for providing police protection on his premises. [*Williams,* pp 501, 504.]

Finding *Williams* dispositive, we hold that the trial court properly concluded that as a matter of law defendant did not owe plaintiff a duty to provide security guards to protect her from criminal assault by unknown third parties. Also see *Marr v Yousif,* 167 Mich App 358; 422 NW2d 4 (1988). Further, since there is no legal duty to provide protection from criminal attacks, defendant is not liable for failing to provide security, even if security had been provided in the past.

Affirmed.