TAME v A L DAMMAN COMPANY

Docket No. 108600. Submitted March 16, 1989, at Detroit. Decided
June 6, 1989.

George Tame, personal representative of the estate of Joseph
Tame, deceased, brought a wrongful death action against A.L.
Damman Company and Guardian Protective Services, Inc., in
the Wayne Circuit Court. Guardian had a contract with Dam-
man to provide a uniformed, unarmed guard outside Damman's
premises during working hours. Joseph Tame was shot and
killed by an unknown assailant in Damman's parking lot.
Plaintiff alleged that Damman, a business invitor, failed to take
reasonable security measures, failed to warn of dangerous
conditions and failed to act in a reasonable and prudent man-
ner. Plaintiff alleged that Guardian breached its duty to take
reasonable precautions to protect the decedent from foreseeable
danger and unreasonable risks of harm. The court, Michael L.
Stacey, J., granted summary disposition for defendants, holding
that Damman owed no duty to plaintiff to protect the decedent
from criminal acts of third persons. Plaintiff appealed.

The Court of Appeals held:

There is no liability on a merchant who, in a good faith effort
to deter crime, fails in a nonnegligent manner to prevent all
criminal activity on the premises.

Affirmed.

1. NEGLIGENCE — BUSINESS INVITEES — DUTY OF REASONABLE CARE —
SECURITY GUARDS.

As a matter of law, the duty of reasonable care a merchant owes
invitees does not extend to providing armed, visible security
guards to protect customers from the criminal acts of third
parties; the merchant is not an insurer of the safety of invitees,
and, for reasons of public policy, does not have the responsibil-
ity for providing police protection on business premises.

2. TORTS — BUSINESS INVITEES — SECURITY.

There is no liability on a merchant who, in a good faith effort to

REFERENCES

Am Jur 2d, Premises Liability § 200.

Liability of storekeeper for death of or injury to customer in course
of robbery. 72 ALR3d 1269.

deter crime, fails in a nonnegligent manner to prevent all criminal activity on the premises.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Kenneth L. Rancilio*), for plaintiff.

*Somers, Schwartz, Silver & Schwartz, P.C.* (by *Joseph E. Grinnan* and *Patrick Burkett*), for A.L. Damman Company.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and CAVANAGH, JJ.

CAVANAGH, J. Plaintiff appeals as of right from a Wayne Circuit Court order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) and (10) on plaintiff's claim for wrongful death. The circuit court reviewed the documentary evidence and found that defendant A.L. Damman Company owed no duty to protect plaintiff's decedent from the criminal acts of a third party. We affirm.

Joseph Tame died on April 5, 1985, at 4:10 P.M., as a result of a shotgun wound inflicted by an unknown assailant in the south parking lot of a Damman Hardware Store in the City of Detroit. Plaintiff George Tame brought this negligence action alleging that Damman, the business invitor, failed to maintain its premises in a safe condition, failed to take reasonable security measures, failed to warn of dangerous conditions existing on the premises and otherwise failed to act in a reasonable and prudent manner. Plaintiff alleged that Guardian Protective Services, Inc., breached its duty to take reasonable precautions to protect the decedent from foreseeable danger and unreasonable risks of harm. Guardian was under contract to provide Damman with one uniformed, unarmed guard outside its premises during business hours.

At the time of the assault, a guard was stationed on the premises.

On appeal, plaintiff argues that the trial court erred in finding that Damman owed no duty of care to plaintiff's decedent. A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Formall, Inc v Community National Bank of Pontiac,* 166 Mich App 772, 777; 421 NW2d 289 (1988). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a recovery. *Id.* A motion under MCR 2.116(C)(10) tests whether there is factual support for a claim. The trial court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). Giving the benefit of a doubt to the nonmovant, the court must determine whether a record might be developed which will leave open an issue upon which reasonable minds could differ. *Id.* Before judgment may be granted, the court must be satisfied that it is impossible for the claim to be supported by evidence at trial. *Peterfish v Frantz,* 168 Mich App 43, 48-49; 424 NW2d 25 (1988).

In order to overcome summary disposition, plaintiff is required to show that defendant owed decedent a duty to insure his safety; otherwise no liability arises. See *Madley v The Evening News Ass'n,* 167 Mich App 338, 341; 421 NW2d 682 (1988). The issue of duty is one of law for the court, which must assess competing policy considerations to determine whether the relationship between the parties will occasion a legal obligation to the injured party. *Id.* Generally, there is no duty to protect another from the criminal acts of a third party in the absence of special circum-

stances. *Id.,* pp 341-342. In *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), our Supreme Court held that a store owner's reasonable duty of care, owed to business invitees, does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. *Id.,* p 501. The Court stated that the merchant is not an insurer of the safety of it's invitees. *Id.,* pp 499-500. Since *Williams,* this Court has affirmed trial court dismissals of such claims against business proprietors. See *Papadimas v Mykonos Lounge,* 176 Mich App 40; 439 NW2d 280 (1989); *Holland v Delaware McDonald's Corp,* 171 Mich App 707; 430 NW2d 766 (1988); *Horn v Arco Petroleum Co,* 170 Mich App 390; 427 NW2d 582 (1988); *Marr v Yousif,* 167 Mich App 358; 422 NW2d 4 (1988).

Here, plaintiff seeks to distinguish *Williams v Cunningham Drug Stores, Inc.* Plaintiff claims that Damman recognized a need for security and, by voluntarily assuming that duty, was required to exercise reasonable care in the discharge of that duty. Specifically, plaintiff claims Damman failed to properly supervise the guard by having him follow certain "posting orders." The posting orders required the guard to make "constant patrols of both the north and south parking lots . . . to deter persons from stealing or vandalizing both customer and employee vehicles." At the time of the incident in the south parking lot, the guard was stationed and had remained in the north lot for thirty to forty minutes. The assailant's suspicious activity during the twenty minutes before the shooting was noticed by several patrons.

This Court has declined the invitation to impose a duty *only* on the merchant who has taken some action to deter criminal activity but who has failed to deter a particular criminal assault. In *Jones v*

*Williams,* 160 Mich App 681, 686; 408 NW2d 426 (1987), lv den 430 Mich 867 (1988), while a security guard was posted inside defendant's restaurant, this Court held the owner had no duty to provide a security guard for the parking lot over which it had control. In *Pagano v Mesirow,* 147 Mich App 51, 53-55; 383 NW2d 103 (1985), lv den 424 Mich 895 (1986), this Court stated there was no duty to provide security in the parking lot during all hours where a security guard patrolled the parking lot until 9:30 P.M. and plaintiff was assaulted at 11:00 P.M. In *Marr v Yousif, supra,* pp 363-364, this Court stated that a merchant had no duty to take all possible precautions for the protection of invitees by turning its establishment into a fortress. In *Theis v Abduloor,* 174 Mich App 247; 435 NW2d 440 (1988), this Court held defendant was not liable for failing to provide security in its parking lot, where security had been provided in the past.

We similarly decline to adopt a policy that imposes liability on a merchant who, in a good faith effort to deter crime, fails to prevent all criminal activity on its premises. Such a policy would penalize merchants who provide some measure of protection, as opposed to merchants who take no such measures. We do not intend, however, to preclude claims of negligent supervision or vicarious liability for negligence on the part of security guard services. The facts of this case, however, do not support such a claim.

First, there was no evidence that the posting orders, upon which plaintiff relies, were controlling. Rather, they are described only as an expression of the client's wishes, written down by a field supervisor, and subject to change by the client. Charles Phlypo, vice president in charge of operations for defendant, testified that the guard was to

be under the direction of the manager on duty. The primary problem Phlypo sought to address in arranging security was vandalism to and theft of parked cars. The unarmed guard in full uniform was sought to provide a visible deterrent to protect property. The testimony of Phillip Stupar, the store manager, and Richard Berg, assistant manager, was corroborative. The areas to be covered were the south customer parking lot, some curb parking, the north employee parking lot and the alley behind the store. The frequency of patrol of covered areas was not "set in stone," however, the problem areas were to receive more attention. Fred Csaszar, a field supervisor for Damman, testified that there had been problems principally with vandalism of cars in the north parking lot area.

Second, there was no evidence suggesting that the posting orders, even if controlling, were violated. To the contrary, the evidence showed that the guard on duty had followed instructions. The guard, Andrew Gray, was instructed to patrol mainly the north parking lot because of problems with cars being vandalized. He was to patrol randomly and was instructed to circulate about fifteen or twenty minutes out of every hour. If confronted by an armed felon, he was to report to the police or store management, but was not to take any action. After checking in, Gray saw nothing out of the ordinary. Just prior to the shooting, Gray had walked up and down the sidewalk in front of the store about three times. Plaintiff has presented no evidence of negligent supervision by Damman.

Finally, this case is easily distinguishable from *Mills v White Castle System, Inc,* 167 Mich App 202; 421 NW2d 631 (1988), where defendant was aware of, but failed to control, intoxicated patrons who remained in its parking lot for at least forty

minutes. There, the risk of harm was not from criminal activity of unknown assailants, and the defendant was negligent in failing to call the police when requested by the plaintiff's companions.

Accordingly, the trial court did not err in dismissing plaintiff's claim.

Affirmed.