LEE v BORMAN'S, INC

Docket No. 122699. Submitted November 30, 1990, at Detroit. Decided
    December 27, 1990; approved for publication April 29, 1991, at
    9:10 A.M.

Elizabeth H. Lee brought an action in the Wayne Circuit Court
    against Borman's, Inc., alleging breach of a duty to protect her,
    a business invitee, from an assault and robbery by an unknown
    third party in the defendant's parking lot. The court, Kaye
    Tertzag, J., granted summary disposition for the defendant. The
    plaintiff appealed, alleging that summary disposition should not
    have been granted because the defendant failed to provide
    reasonable notice that it was no longer providing security
    guards on the premises.

    The Court of Appeals *held:*

    Summary disposition was properly granted. The duty of
    reasonable care a merchant owes invitees does not extend to
    providing armed, visible security guards to protect customers
    from the criminal acts of third parties, even where such protec-
    tion has been provided in the past.

    Affirmed.

*Hurwitz, Karp & Wallach, P.C.* (by *Ronald Karp*), for the plaintiff.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Michelle A. Thomas* and *Ronald S. Lederman*), for the defendant.

Before: GRIFFIN, P.J., and SAWYER and BRENNAN, JJ.

PER CURIAM. Plaintiff appeals as of right an October 20, 1989, order granting summary disposition in favor of defendant. Plaintiff filed suit against defendant, alleging defendant negligently failed to maintain safe premises after plaintiff was

assaulted and robbed in defendant's parking lot. On appeal, plaintiff argues that the trial court erred in granting summary disposition in favor of defendant because defendant failed to provide business invitees with reasonable notice that the security measures previously provided and upon which plaintiff relied (i.e., security guards) had been withdrawn. We affirm. It is well established that the duty of reasonable care a merchant owes his invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 504; 418 NW2d 381 (1988). Moreover, a duty to provide protection from criminal acts does not arise merely because defendant had provided security guards on the premises in the past. *Theis v Abduloor,* 174 Mich App 247, 250; 435 NW2d 440 (1988). There being no duty owed by defendant to plaintiff, the trial court properly granted summary disposition in favor of defendant.

Affirmed.