McCormack, J.
(concurring). I agree with the majority’s analysis and join its opinion without qualification. I write separately only to emphasize one point in the majority’s fine opinion. It is sometimes useful for courts to emphasize that common sense, as well as precedent, recommends a particular course of action.
*620 The majority rightly shows how this Court’s past precedent establishes that plaintiff states a valid claim against defendants. The principles of MacDonald v PKT, Inc,[1] Williams v Cunningham Drug Stores, Inc,[2] and the other cases the majority identifies plainly govern here. The landlord-tenant relationship is an archetypal special relationship — the law imposes a duty on a landlord to protect tenants from certain risks.[3]
Landlords and tenants are bound by a voluntary market relationship, where money is exchanged for the promise of shelter. Here, defendants Evergreen and Radney hired security guards for a practical purpose[4] — to provide some measure of protection for tenants and their social guests. Undoubtedly, the presence of those security guards gave some amount of comfort to Evergreen’s residents, and made Evergreen a more attractive place to live. Of course, the overhead costs of employing security staff are borne by Evergreen and Radney and passed on to the Evergreen tenants like the other costs of any amenity, which is to say that the market will tend to provide such services only when they are needed or desired. The dissent’s suggestion to the contrary notwithstanding, the question of how much security, amongst other amenities, an apartment complex should provide is one for the market to determine, not this Court.
*621 But the security guards’ failure to alert law enforcement when notified of the possibility of imminent danger is a failure the law recognizes. It constitutes a violation of the defendants’ duty because the resulting harm is foreseeable. Indeed, under the facts of this case, Hi-Tech’s security guards are in the best position to reduce the risk of harm presented by Schaaf. In other words, the security guards were the cheapest cost-avoiders of the harms that Bailey suffered.[5] The defendants face liability because the harm in question was foreseeable, and the security guards failed to do their job.

 MacDonald v PKT, Inc, 464 Mich 322; 628 NW2d 33 (2001).

 Williams v Cunningham Drug Stores, Inc, 429 Mich 495; 418 NW2d 381 (1988).

 See id. at 502 n 17.

 I recognize that the agency relationship between defendants Evergreen and Radney and Hi-Tech is an issue that is being remanded to the Court of Appeals for consideration, as there is some evidence to suggest that a contractual relationship may not have existed at the time of Bailey’s injury. Contract or not, Hi-Tech was present on the premises not out of a selfless desire to do good; the security guards were there at Evergreen and Radney’s invitation.

 See, e.g., Calabresi, Costs of accidents: A Legal and Economic Analysis (1970); Posner, Economic Enalysis of Law (7th ed).