886 F.2d 1315
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Julie Anne Johnson ARNETT, Plaintiff-Appellant,
Michael Arnett, Plaintiff,
v.
STRAITH MEMORIAL HOSPITAL, a Michigan non-profit corporation
and Richard E. Straith, M.D., jointly and
severally, Defendants-Appellees.
 No. 88-2224.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Julie Anne Johnson Arnett appeals the district court's decision granting summary judgment in favor of Straith Memorial Hospital and Dr. Richard Straith. We affirm.
 
 
 2
 On January 20, 1980, Arnett was admitted to Straith Memorial Hospital for plastic surgery on her nose. She alleges that while she was recovering from surgery the following morning, she was sexually molested by a man wearing surgical garb who performed an "unauthorized pelvic examination" upon her.
 
 
 3
 After Arnett discussed the incident with Lynn Lorigan, the patient with whom she shared a room, Ms. Lorigan revealed that she had virtually the same experience. Arnett and Lorigan believed that Dr. Carlos Zevallos, the anesthesiologist during both of their operations, was the person who "examined" them. On July 20, 1980, Arnett and Lorigan jointly filed suit in state court against Dr. Zevallos and the Hospital. In January of 1981, Lorigan withdrew from the suit and filed her own separate suit.
 
 
 4
 On January 19, 1982, Dr. Straith was added as a party defendant on the basis that as administrator and vice president of the Board of Trustees he had breached his duty to exercise reasonable care for the safety of Arnett. Twice previously, Dr. Straith had observed Dr. Zevallos performing pelvic examinations on other patients. Trial of Arnett's case in state court was held in abeyance pending the outcome of criminal charges against Dr. Zevallos; Dr. Zevallos was found not guilty.
 
 
 5
 In January of 1985, Lorigan's suit was tried, and resulted in a judgment for the Hospital. At that trial, Arnett testified that she sincerely felt that it was Dr. Zevallos who had given her the "examination." Arnett's suit in state court was postponed several times before it was voluntarily dismissed in April of 1987. Arnett then refiled in the Eastern District of Michigan, with jurisdiction based on diversity of citizenship because Arnett had then become a resident of Colorado. During discovery proceedings, Arnett admitted that Dr. Zevallos had not sexually assaulted her and that she could not identify her assailant.
 
 
 6
 In challenging the district court's decision to grant the Hospital's motion for summary judgment, Arnett contends that she sufficiently established that the Hospital committed medical malpractice and failed to provide her with reasonably safe medical facilities. Arnett also argues that Dr. Straith breached his duty to implement reasonable procedures for her safety. These arguments are without merit.
 
 
 7
 In order to survive a summary judgment, the motion's opponent must set forth sufficient facts to establish that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Arnett has not established sufficient evidence to support a claim against the Hospital. Arnett's medical malpractice claim must fail because the alleged assault by an unknown assailant could not possibly constitute the rendition of medical care and treatment by the Hospital. Because there is no evidence that an act in breach of the Hospital's standard care was performed by one of its employees or agents, the Hospital cannot be held liable for malpractice.
 
 
 8
 Arnett's other claims against the Hospital can all be condensed to essentially one argument--a premises liability argument. Arnett contends that because of the "special relationship" between herself and the Hospital, the Hospital had an affirmative duty to adequately provide for her safety which the Hospital breached. Williams v. Cunningham Drug Stores, Inc., 429 Mich. 495, 499, 418 N.W.2d 381, 383 (1988).
 
 
 9
 The Hospital's duty is not absolute, however. Under Michigan law, the Hospital is obligated to take reasonable steps to protect its patients from foreseeable risks of harm. Samson v. Saginaw Professional Building, Inc., 393 Mich. 393, 406-07, 224 N.W.2d 843, 848 (1975). Arnett failed to show that the risk of such a sexual assault was foreseeable to the Hospital, or that the Hospital's acts or omissions regarding security were unreasonable to deal with any foreseeable risk. Thus, we find that summary judgment in favor of the Hospital was proper.
 
 
 10
 Arnett has also failed to provide sufficient evidence to support a claim against Dr. Straith. Arnett claims that Dr. Straith failed to implement reasonable safety procedures within the Hospital, but as the district court correctly recognized, Arnett did not produce any evidence supporting her claim. Summary judgment in favor of Dr. Straith, therefore, was also proper.
 
 
 11
 Accordingly, the judgment in favor of Straith Memorial Hospital and Dr. Richard Straith is affirmed.