976 F.2d 734
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mildred SCHWARTZ, Plaintiff/Appellant,
v.
MATOL BOTANICAL INTERNATIONAL, Defendant/Appellee.
 No. 91-2068.
 United States Court of Appeals, Sixth Circuit.
 Sept. 17, 1992.
 
 Before KEITH and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the district court granting the defendant's motion to dismiss. For the reasons which follow, we affirm the decision of the district court.
 
 I.
 
 2
 The facts of this case are simple and without material dispute. The plaintiff attended a seminar conducted by the defendant, Matol Botanical International (Matol), at the Westin Hotel in Detroit, Michigan on September 12-13, 1987.
 
 
 3
 As the plaintiff prepared to attend the morning session of Matol's seminar on September 13, 1987, she was sexually assaulted by a third party in a women's restroom near the Westin seminar room. The plaintiff subsequently filed this action alleging that Matol had breached a duty to provide her with reasonably secure premises for the seminar.
 
 
 4
 The district court dismissed the complaint, and concluded that Matol owed no duty under Michigan law to either protect the plaintiff from the criminal assault or to warn her of the specific danger of criminal activity. The plaintiff takes this appeal from the order granting the motion to dismiss.
 
 II.
 
 5
 On appeal, the plaintiff argues that Matol exercised sufficient control over the premises of the Westin Hotel to have had a duty, at minimum, to warn of the isolation of the seminar area and to warn of potential criminal behavior, especially since persons unfamiliar with the site, such as the plaintiff, were in attendance. The plaintiff contends that the district court erred in failing to recognize this duty.
 
 A.
 
 6
 The grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when there is no set of facts which would entitle the plaintiff to recover. Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir.1989). Matters outside the pleadings are not considered, and all well-pleaded facts must be taken as true. Id.
 
 B.
 
 7
 The district court concluded that Matol owed no duty to the plaintiff under Michigan law. That is the correct decision.
 
 
 8
 The plaintiff was injured as the result of an intervening, criminal act of a third party. Under Michigan law, Matol had no duty to protect the plaintiff from the criminal act. Williams v. Cunningham Drug Stores, 429 Mich. 495, 418 N.W.2d 382 (1988). It would indeed be improper to impose such a duty upon a business which is no more responsible for the attack than the plaintiff herself, particularly when, as here, the business is not the owner/occupier of the land upon which the attack occurred.
 
 
 9
 However, the plaintiff contends that Matol also had a duty to warn her of the dangerous surroundings and the possibility of criminal activity. This ignores the language in Williams which finds no duty to anticipate the criminal act of a third party. Id., at 384. There is no difference in requiring a defendant to provide physical protection and requiring a defendant to issue a blanket warning about the possibility of crime. Harkins v. Northwest Activity Center, Inc., 434 Mich. 896, 453 N.W.2d 677 (1990). Matol owed the plaintiff no duty of warning, since it could not be expected to anticipate the random violence to which the plaintiff fell victim.
 
 
 10
 We hold that the plaintiff cannot recover from Matol under a negligence theory for damages resulting from the criminal conduct of the third party because that conduct was a superseding, unforeseeable, intervening cause of the plaintiff's injuries. See Avemco Insurance Co. v. Rooto Corp., No 91-1651 (6th Cir. June 25, 1992). Matol owed neither a duty to protect the plaintiff under these circumstances, nor a duty to warn her of possible criminal activity.
 
 III.
 
 11
 The order of the district court granting Matol's motion to dismiss is AFFIRMED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation