672 N.W.2d 849 (2003)
Ruth WOODBURY, Plaintiff-Appellee,
v.
Charles I. BRUCKNER and Alice C. Bruckner, Defendants-Appellants.
Docket No. 120731, COA No. 204411
Supreme Court of Michigan.
December 29, 2003.
On order of the Court, the motion for reconsideration of this Court's order of July 11, 2003 is considered, and it is DENIED, because it does not appear that the order was entered erroneously.
YOUNG, J., concurs and states as follows:
I agree with the majority's decision to deny reconsideration of this case. I write separately to note that the defendants arguably waived an issue that may have proven highly relevant.
Under our common law, a landlord is typically liable only for hazards in areas over which he or she retains control. See, e.g., Williams v. Cunningham Drug Stores, Inc., 429 Mich. 495, 499, 418 N.W.2d 381 (1988); Cooper v. Lawson, 139 Mich. 628, 632, 103 N.W. 168 (1905). See also Williams v. Detroit, 127 Mich.App. 464, 468, 339 N.W.2d 215 (1983). That is not to say, of course, that a landlord may never be liable for injuries in areas that are not common areas. The Legislature has imposed duties beyond those imposed by our case law. See, e.g., MCL 554.139. But here, where the trial court has already held that defendants did not breach a covenant under MCL 554.139, defendants' liability may be limited by the common law. See Woodbury v. Bruckner, Case No. 95-003133-NO (Hon. William F. LaVoy, Monroe Circuit Court, June 10, 2003).
Nonetheless, defendants asked this Court during oral arguments on October 10, 2000, to assume that they were responsible for the state of the rooftop area from which plaintiff sustained her injuries. In light of this concession in our proceedings, we cannot fairly reach the threshold question of whether the defendants were liable for the state of the rooftop in the first place.
Accordingly, I join the majority.
WEAVER, J., joins in the concurring statement of YOUNG, J.
MARILYN J. KELLY, J., would grant the motion for reconsideration and, on reconsideration, would grant leave to appeal.