# STATE OF MICHIGAN

# COURT OF APPEALS

JACK BARCH,

Plaintiff-Appellant,

v

RYDER TRANSPORTATION SERVICES,
RYDER INTEGRATED LOGISTICS, INC., and
TOTAL LOGISTIC CONTROL, LLC,

Defendants-Appellees.

UNPUBLISHED
October 20, 2016

No.  327914
Van Buren Circuit Court
LC No.  14-640261-NO

Before:  K. F. KELLY, P.J., and O'CONNELL and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Jack Barch, appeals as of right the trial court's order granting summary disposition to defendants, Ryder Transportation Services, Ryder Integrated Logistics, Inc., and Total Logistic Control, LLC (collectively, Ryder).  We affirm.

## I.  FACTUAL BACKGROUND

Barch testified at his deposition that he was employed as a truck driver.  On February 13, 2012, he was scheduled to deliver ice cream to Ryder's facilities.  It was a snowy day and Barch was aware that the parking lot was covered with "[l]ight snow over what I figure was, you know, being icy underneath."  When Barch arrived, he parked his truck and walked across the parking lot to the office to receive further instructions about where to unload it.  There was no clear path across the parking lot.  After walking about ten yards, he slipped and fell on his shoulder.

According to Barch, he went into the office and attempted to report the incident, but the office employee would not accept his report.  The employee took Barch's bill of lading and assigned him to a loading dock, where Barch needed help to unload his truck because he was unable to reach high enough to operate the doors.  After unloading his truck, Barch arranged for another driver to complete his next delivery.

As Barch drove out of the parking lot, he realized that he had hurt his arm badly, and he stopped the truck.  Barch testified that he parked the truck in the middle of the parking lot, "where the cars are parked for the office," and went in to speak with the office employee.  Again, the employee would not allow Barch to fill out an accident report, so he returned to his truck, called his employer on his cellular phone, and created an accident report for himself.  Barch

returned to his employer and was eventually diagnosed with a torn rotator cuff in his shoulder, which required surgery.

Barch filed a complaint against Ryder, alleging that the hazard posed by the icy parking lot was effectively unavoidable because Ryder required him to park in a certain area and traverse the parking lot from his truck to the office. Ryder moved for summary disposition, contending that Barch could have chosen not to confront the hazard. The trial court granted summary disposition to Ryder, concluding that the danger was not effectively unavoidable because Barch could have chosen other options than traversing the icy parking lot. Barch now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5). A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

## III. ANALYSIS

Barch contends that the trial court erred when it determined that there was no genuine issue of material fact regarding whether the hazard posed by the icy parking lot was effectively unavoidable because Barch had no choice but to cross the icy parking lot. We disagree.

A party may maintain a negligence action, including a premises liability action, only if the defendant had a duty to conform to a particular standard of conduct. *Riddle v McLouth Steel Prods Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). A premises owner has a duty to protect invitees—persons who enter the owner's premises at his or her express or implied invitation—from hidden or latent defects on his or her property. *Id*. at 90-91. The open and obvious doctrine provides that the premises owner does not have the duty to warn invitees of conditions "where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them[.]" *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 500; 418 NW2d 381 (1988).

However, a premises owner may be liable even for open and obvious dangers in some narrow circumstances. *Hoffner v Lanctoe*, 492 Mich 450, 472; 821 NW2d 88 (2012). A landowner may be liable if the open and obvious danger has special aspects "that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm[.]" *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2010). Special aspects include hazards that are "effectively unavoidable" or that present "a substantial risk of death or serious injury[.]" *Id*. at 518. To be effectively unavoidable, "a hazard must be unavoidable or inescapable *in effect* or *for all practical purposes*." *Hoffner*, 492 Mich at 468. "The mere fact that a plaintiff's employment might involve facing an open and obvious hazard does not make

-2-

the open and obvious hazard effectively unavoidable." *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 412; 864 NW2d 591 (2014).

In this case, Barch failed to provide support for his assertion that he could not have parked his truck in any other location to avoid the hazard. To the contrary, Barch testified at his deposition that, as he was leaving the facility, he parked his truck near where the cars parked for the office. Barch was not physically trapped. Additionally, there was evidence that Barch had a cellular telephone in his possession and could have either called Ryder to report the conditions, see *Bullard*, 308 Mich App at 413, or called the office to make other arrangements to deliver his bill of lading and receive his delivery bay assignment. We conclude that the trial court did not err when it determined that Barch did not present evidence showing a genuine issue of material fact regarding whether the icy parking lot was effectively unavoidable.

We affirm. As the prevailing party, Ryder may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Peter D. O'Connell
/s/ Mark T. Boonstra