# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 19, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

161007 & (38)

COSETTE ROWLAND, Personal Representative,
of the ESTATE OF VIRGINIA KERMATH,
       Plaintiff-Appellant,

v

                                       SC: 161007
                                       COA: 345650
                                       Oakland CC: 2016-156377-NO

INDEPENDENCE VILLAGE OF OXFORD,
LLC, UNIFIED MANAGEMENT SERVICES,
and SENIOR VILLAGE MANAGEMENT,
       Defendants-Appellees.

_____/

On order of the Court, the motion to strike is GRANTED. The application for leave to appeal the January 14, 2020 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on the application. MCR 7.305(H)(1).

The appellant shall file a supplemental brief addressing: (1) whether the Court of Appeals properly applied the test for assessing the foreseeability of the alleged harm, see *Bertin v Mann*, 502 Mich 603, 620-621 (2018) (saying, albeit in the assumption of the risk context, that the test for foreseeability "is objective and focuses on what risks a reasonable participant, under the circumstances, would have foreseen. The risk must be defined by the factual circumstances of the case—it is not enough that the participant could foresee being injured in general; the participant must have been able to foresee that the injury could arise through the 'mechanism' it resulted from"); (2) whether the Court of Appeals erred by holding that no special relationship exists between the senior living facility at issue and its residents, including the decedent. See *Bailey v Schaaf*, 494 Mich 595 (2013); *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495 (1988); and (3) whether the Court of Appeals erred in concluding that appellees did not owe the decedent a common law duty to monitor and secure the side entrances and exits to the facility, see *Hill v Sears, Roebuck & Co*, 492 Mich 651 (2012); *Valcaniant v Detroit Edison, Co*, 470 Mich 82 (2004). The appellant's brief should be filed by September 7, 2021, with no extensions except upon a showing of good cause. In the brief, citations to the record must provide the appendix page numbers as required by MCR 7.312(B)(1). The appellees shall file a supplemental brief within 21 days of being served with the appellant's brief. A reply, if any, must be filed by

the appellant within 14 days of being served with the appellees' brief.  The parties should not submit mere restatements of their application papers.

The Litigation, Negligence Law, and Elder Law Sections of the State Bar of Michigan, the Michigan Association for Justice, and the Michigan Defense Trial Counsel, Inc., are invited to file briefs amicus curiae.  Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

BERNSTEIN J., not participating because he has a family member with an interest that could be affected by the proceeding.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 19, 2021



b0316

Clerk