*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OLIVIA GARDENHIRE,

        Plaintiff-Appellee,

v

COIN-O-MATIC, INC.,

        Defendant-Appellant.

UNPUBLISHED
February 22, 2024

No. 363938
Wayne Circuit Court
LC No. 21-011409-NO

Before: PATEL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

In this slip-and-fall action, defendant appeals by leave granted[1] the trial court's order denying defendant's motion for summary disposition under MCR 2.116(C)(10). Defendant argues that it did not owe plaintiff a duty to protect her from the ice that caused her fall because the ice was open and obvious and no special aspects were present. The trial court assumed that the ice was open and obvious, but found that the hazard "was effectively unavoidable because the entrance was unsalted and there was no alternative path to the laundromat." Accordingly, the court held that defendant owed plaintiff a duty and was not entitled to summary disposition. The court further held that there is a genuine issue of material fact whether defendant breached its duty.

After the trial court denied defendant's motion, our Supreme Court issued *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; __ NW2d __ (2023), which reversed two aspects of *Lugo v Ameritech Corp Inc*, 464 Mich 512; 629 NW2d 384 (2001):

> First, we overrule *Lugo*'s decision to make the open and obvious danger doctrine a part of a land possessor's duty. Rather, we hold that the open and obvious nature of a condition is relevant to breach and the parties' comparative fault. Second, we overrule the special-aspects doctrine and hold that when a land possessor should

---

[1] On May 4, 2023, this Court granted defendant's application for leave to appeal. *Gardenhire v Coin-O-Matic, Inc,* unpublished order of the Court of Appeals, entered May 4, 2023 (Docket No. 363938).

anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care. [*Kandil-Elsayed*, 512 Mich at 104.]

Because the legal framework has been significantly altered, we vacate the trial court's order and remand for reconsideration in light of our Supreme Court's decision in *Kandil-Elsayed*.

## I. BACKGROUND

Plaintiff was injured when she slipped and fell on a circular ice patch located in front of the only entrance to defendant's laundromat. It was snowy and cold on the day of the fall. It had also been snowy and cold the day before the fall. Plaintiff walked across the subject patch of ice four times without incident. But then she slipped and fell the fifth time she walked across the ice patch while attempting to return defendant's cart.

Plaintiff commenced this action against defendant claiming that defendant breached its duties owed to plaintiff by failing to exercise reasonable care to protect plaintiff from an unreasonable risk of harm caused by hazardous conditions on the premises. Following discovery, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10) contending that it did not owe plaintiff a duty to protect her from the allegedly hazardous condition because it was open and obvious. In response, plaintiff maintained that there is a genuine issue of material fact as to whether defendant took reasonable measures within a reasonable time after a natural accumulation of ice and snow to diminish the hazard on its premises. Plaintiff further argued that even if the ice was open and obvious, it was effectively unavoidable as there was no alternative route to enter the laundromat and therefore defendant still owed her a duty of care. Defendant countered that the patch of ice was neither effectively unavoidable nor did it impose a high risk of severe harm.

The trial court denied defendant's motion, stating in pertinent part:

[T]he hazard created by the ice that caused Gardenhire's fall was only avoidable if there was a path around it. This ice was in the entrance that invitees used to enter and exit the Defendant's business. There is no evidence that Gardenhire had an alternative route. There is evidence that there was ice at the entrance. There is no evidence that there was any salt on the ground, nor other material that would reduce the hazard of slipping.

Here, assuming for arguments sake, the condition was open and obvious, it was effectively unavoidable because the entrance was unsalted and there was no alternative path to the laundromat. Therefore, Defendant had a duty to Gardenhire and is not entitled to summary disposition.

The facts of this case support a denial of the Defendant's motion. Defendant has presented no evidence to support a conclusion that, as a matter of law, it took reasonable measures to clear the ice and snow.

As such, there remains a genuine issue of material fact, when viewed in the light most favorable to the Plaintiff, as to whether the Defendant breached its duty to the Plaintiff.

Defendant moved for reconsideration, which the trial court denied. This appeal followed.

## II. ANALYSIS

Defendant argues that it did not owe plaintiff a duty to protect her from the ice that caused her fall because the ice was open and obvious and not effectively unavoidable.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). When reviewing a motion for summary disposition under MCR 2.116(C)(10), a trial court must consider the evidence submitted by the parties in the light most favorable to the non-moving party and may only grant the motion if there is no genuine issue of material fact. *Id*. at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up). But we are "not permitted to assess credibility, or to determine facts" in analyzing whether a genuine issue of material fact exists. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). "Instead, the court's task is to review the record evidence, and all reasonable inferences therefrom, and decide whether a genuine issue of any material fact exists to warrant a trial." *Id*.

In a premises liability case, "a plaintiff must prove the traditional elements of negligence: (1) that defendant owed the plaintiff a duty, (2) that defendant breached that duty, (3) that the breach was a proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). In this case, it is undisputed that plaintiff was an invitee and that defendant therefore owed plaintiff a duty "to exercise reasonable care to protect [her] from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, 512 Mich at 143, quoting *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988). "[A] land possessor owes a duty 'to use reasonable care to protect against hazards arising from natural accumulation of ice and snow.' " *Kandil-Elsayed*, 512 Mich at 149, quoting *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244, 248; 235 NW2d 732 (1975). This duty requires " 'that reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of the injury to the invitee.' " *Kandil-Elsayed*, 512 Mich at 150, quoting *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich at 261. Defendant asserts that its duty does not extend to an open an obvious condition such as the patch of ice in this case.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). This test is an objective one that requires an inquiry of "the objective nature of the condition of the premises at issue." *Id*. Michigan's "caselaw has been mired in ambiguities" as to whether the open and obvious danger doctrine is part of the analysis of the scope of a possessor's duty or whether it is part of the determination of a possessor's breach of duty. *Id*. at 124 n 6. Aiming to set those ambiguities straight, the *Kandil-Elsayed* Court held that the open and obvious nature of a condition is relevant

to whether a defendant breached a duty and, if so, whether a plaintiff was comparatively at fault, not whether a defendant owed a duty. *Id*. at 144. " '[T]he fact that a dangerous condition is open and obvious bears on the assessment of whether reasonable care was employed[.]' " *Id*. at 146, quoting 2 Restatement Torts, 3d, § 51, comment *k*, p. 251.

The *Kandil-Elsayed* Court also expressly overruled the special-aspects doctrine announced by *Lugo*,[2] explaining that "when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care." *Id*. at 104. The *Kandil-Elsayed* Court instructed that, "[r]ather than conduct a narrow analysis of whether an obvious danger is 'effectively unavoidable' or poses an 'unreasonable risk of severe harm,' the fact-finder should consider whether 'the possessor should anticipate the harm despite such . . . obviousness.' *Id*. at 147, quoting 2 Restatement Torts, 2d, § 343A, p 218. But "whether a land possessor should anticipate harm from an otherwise open and obvious danger is a relevant inquiry under *breach*, not duty." *Id*. at 147-148.

The Court summarized its holding as follows:

> [A] land possessor owes a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. . . . As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Kandil-Elsayed*, 512 Mich at 148-149 (cleaned up).]

In this case, the trial court assumed that the patch of ice was open and obvious for purposes of defendant's motion. But the court found that defendant owed plaintiff a duty because the hazard was effectively unavoidable. In reaching its decision, the trial court applied the now-overruled framework set forth by *Lugo* and its progeny. Whether defendant should have anticipated harm from the otherwise open and obvious danger is relevant to the issue of breach, not the determination of duty. See *Kandil-Elsayed*, 512 Mich at 147-148. Because the legal framework has been significantly altered, we vacate the trial court's order and remand for further proceedings to apply the principles announced in *Kandil-Elsayed* to the facts in this case. The parties should

---

[2] The *Lugo* majority explained that while a land possessor generally "is not required to protect an invitee from open and obvious dangers," if there are "special aspects of a condition [that] make even an open and obvious risk unreasonably dangerous," then the possessor "has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001). The *Lugo* Court provided "illustrations" of special aspects, which included an open and obvious condition that is effectively unavoidable. *Id*. at 518.

be afforded an opportunity to brief any issues resulting from the changes to the legal framework occasioned by *Kandil-Elsayed*.

       Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan