*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD BERRYMAN,

      Plaintiff-Appellant,

v

COUNTRY PLACE CONDOMINIUM
ASSOCIATION,

      Defendant-Appellee.

UNPUBLISHED
December 28, 2023

No. 362974
Oakland Circuit Court
LC No. 2021-191532-NO

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Plaintiff, Richard Berryman, brought this action for damages he sustained when he tripped over what he contends was a "slightly raised" concrete slab on a walkway while delivering mail in a condominium complex operated by defendant, Country Place Condominium Association. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10), concluding that the height differential was open and obvious. After the trial court dismissed this matter, our Supreme Court issued *Kandil-Elsayed v F & E Oil, Inc*, __ Mich __, __; __ NW2d __ (2023) (Docket Nos. 162907, 163430), which reversed two aspects of *Lugo v Ameritech Corp Inc*, 464 Mich 512; 629 NW2d 384 (2001):

> First, we overrule *Lugo*'s decision to make the open and obvious danger doctrine a part of a land possessor's duty. Rather, we hold that the open and obvious nature of a condition is relevant to breach and the parties' comparative fault. Second, we overrule the special-aspects doctrine and hold that when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care. [*Kandil-Elsayed*, __ Mich at __, slip op at 2]

Because the legal framework has been significantly altered, we vacate the trial court's order and remand for reconsideration in light of our Supreme Court's decision in *Kandil-Elsayed*.

# I. BACKGROUND

Plaintiff is a letter carrier for the United States Postal Service. On the date of the incident, plaintiff was delivering mail in defendant's condominium complex. Plaintiff had nearly completed his route when he fell. Plaintiff testified that he "was just walking up the sidewalk and [his] foot caught the lip of the cement there and [he] just fell forward and landed on [his] elbow."[1] He stated that he "[b]asically tripped over the stuff that's sticking up." Plaintiff estimated that there was an inch to an inch-and-a-half height differential between two concrete slabs in the sidewalk. Plaintiff was scanning the area before he fell:

> I look when I walk. I look—well, I scan the area. That's what we do first to see . . . whatever obstacles . . . dogs, whatever. And I scan the area and then I can start walking.

Although plaintiff was looking down as he walked, and there were daylight conditions, he did not see the height differential before he fell. He denied that there was any ice, snow, or other weather conditions that caused him to fall. And no one witnessed the fall.

Plaintiff had delivered mail to defendant's condominium complex for approximately 13 years. But the area where he fell had only been added to his route about a year earlier. He did not regularly use the portion of sidewalk that he fell on. Instead, he cut the corner by walking through the grass approximately 75% of the time. Because he never observed the sidewalk's height differential in the year before he fell, plaintiff did not complain to defendant about that section of sidewalk prior to his fall.

Plaintiff commenced this premises liability action against defendant claiming that defendant breached its duties owed to plaintiff by failing to exercise reasonable care to protect plaintiff from an unreasonable risk of harm caused by a dangerous condition on the land. Following discovery, defendant moved for summary disposition pursuant to MCR 2.116(C)(10). Defendant argued that the height differential was an open and obvious hazard and thus defendant had no duty to warn or protect plaintiff. Defendant further asserted that there were no special aspects that made the height differential unreasonably dangerous or effectively unavoidable. In support of its arguments, defendant relied on photographs that plaintiff took of the area where he fell. Plaintiff testified that he took the photographs in May 2021, which was more than two years after his February 2019 fall. While there are blue marks on the concrete in the photographs, plaintiff testified that the marks were not present at the time he fell. He maintained that the blue marks identify areas where concrete work was supposed to be done. In response to defendant's motion, plaintiff argued that the height differential was not obvious upon casual inspection and thus summary disposition was not warranted. In reply, defendant presented the trial court with two new photographs taken by defense counsel more than three years after the fall. Notably, the photographs were taken several months before defendant filed its motion, but were not included with its motion. Following oral argument, the trial court granted defendant's motion because it

---

[1] Plaintiff sustained a fractured elbow, which required surgical repair.

concluded that the height differential was open and obvious and that plaintiff could have avoided it. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by concluding that the height differential in the sidewalk slabs was open and obvious and this fact, as matter of law, warranted summary dismissal.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). When reviewing a motion for summary disposition under MCR 2.116(C)(10), a trial court must consider the evidence submitted by the parties in the light most favorable to the non-moving party and may only grant the motion if there is no genuine issue of material fact. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up). But "[t]he court is not permitted to assess credibility, or to determine facts" in analyzing whether a genuine issue of material fact exists. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). "This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008).

In a premises liability case, "a plaintiff must prove the traditional elements of negligence: (1) that defendant owed the plaintiff a duty, (2) that defendant breached that duty, (3) that the breach was a proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). In this case, it is undisputed that plaintiff was an invitee and that defendant therefore owed plaintiff a duty "to exercise reasonable care to protect [him] from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, __ Mich at __; slip op at 39, quoting *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988).

The next inquiry is whether there was a breach of that duty. *Id*. at __; slip op at 43-44. Generally, the question whether a defendant's conduct fell below the standard of care is a question of fact for the jury. *Rowland v Independence Village of Oxford, LLC*, 509 Mich 992, 992 (2022). "As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee." *Kandil-Elsayed*, __ Mich at __; slip op at 44.

Michigan's "caselaw has been mired in ambiguities" as to whether the open and obvious danger doctrine is part of the analysis of the scope of a possessor's duty or whether it is part of the determination of a possessor's breach of duty. *Id*. at __ n 6; slip op at 21 n 6. Aiming to set those ambiguities straight, our Supreme Court recently concluded that *Lugo* was wrongly decided. *Id*. at __; slip op at 2. Rather than an aspect of duty, the *Kandil-Elsayed* Court held that "the open and obvious nature of a condition is relevant to breach and the parties' comparative fault." *Id*. at __; slip op at 2. It is a factor for the jury to decide when determining "whether reasonable care was employed." *Id*. at __; slip op at 41. The Court also expressly overruled the special-aspects doctrine, explaining that "when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care." *Id*. at __; slip op at 2. The Court further instructed that, "[r]ather than conduct a

narrow analysis of whether an obvious danger is 'effectively unavoidable' or poses an 'unreasonable risk of severe harm,' the fact-finder should consider whether 'the possessor should anticipate the harm despite such . . . obviousness.' *Id*. at __; slip op at 43, quoting 2 Restatement Torts, 2d, § 343A, p 218.

The Court summarized its holding as follows:

[A] land possessor owes a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. . . . As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id*. at __; slip op at 43-44 (cleaned up).]

In this case, the trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10) because the height differential in the sidewalk slabs was open and obvious. The trial court applied the now-overruled framework set forth by *Lugo* and its progeny to hold that defendant did not owe a duty of care. But under *Kandil-Elsayed*, whether the height differential was open and obvious is relevant to the issues of breach and comparative fault, not the determination of duty. See *id*. at __; slip op at 43-44. Because the legal framework has been significantly altered, we vacate the trial court's order and remand for further proceedings to apply the principles announced in *Kandil-Elsayed* to the facts in this case. The parties should be afforded an opportunity to brief any issues resulting from the changes to the legal framework occasioned by *Kandil-Elsayed*.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Christopher M. Murray
/s/ Sima G. Patel

-4-