*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONNA LOGAN,

        Plaintiff-Appellant,

v

CITY OF SOUTHGATE,

        Defendant-Appellee.

UNPUBLISHED
June 27, 2024

No. 348644
Wayne Circuit Court
LC No. 18-005560-NO

## ON REMAND

Before: SWARTZLE, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

This premises liability case is before this Court on remand from our Supreme Court. This Court previously affirmed the trial court's order granting summary disposition in favor of defendant, City of Southgate, under the open and obvious danger doctrine. *Logan v Southgate*, unpublished per curiam opinion of the Court of Appeals, issued October 29, 2020, (*Logan I*), vacated 512 Mich 918; 994 NW2d 493 (2023). The Michigan Supreme Court vacated *Logan I* and remanded to this Court for reconsideration considering *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023); and its companion case, which made substantial changes to the way Michigan courts analyze open and obvious conditions in premises liability claims. *Logan*, 512 Mich at 918.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In *Logan I*, the majority described the facts surrounding plaintiff's injury as follows:

On March 3, 2018, around 1:30 p.m., plaintiff was walking her dog on Howard Street in Southgate, Michigan when she tripped over uneven pavement and sustained injuries. Plaintiff testified that just prior to her fall, she was looking at another individual who was walking a dog a few blocks ahead of her. As plaintiff was looking at the other person, her foot was caught on the raised slab of sidewalk and she fell onto the right side of her body, hitting her head on the ground. Plaintiff telephoned her husband who transported her to the hospital. As a result of her fall,

-1-

plaintiff broke her right arm, which required surgery and six weeks of physical therapy. As a result of her injuries, plaintiff filed suit against defendant. Photographs of the sidewalk taken by plaintiff's husband following the fall show the sidewalk had a raised portion about the height of a regular sized can of Coca-Cola, roughly 5 inches. [*Logan I*, unpub op at 1-2.]



Defendant moved for summary disposition under MCR 2.116(C)(7) (immunity), (8) (failure to state a claim), and (10) (no genuine issue of material fact), arguing that plaintiff failed to plead in avoidance of governmental immunity and that the alleged defect was open and obvious and without special aspects. Plaintiff responded that her claim fell within the scope of the sidewalk defect exception to governmental immunity. She further argued that although the sidewalk defect could likely be deemed open and obvious, there was a genuine issue of material fact as to whether it was unreasonably dangerous, and that allowing defendant to assert an open and obvious defense was contrary to public policy reflected by the statutory duty to maintain its sidewalks. The trial court noted that any complaints plaintiff might have concerning application of the open and obvious danger doctrine in cases against a governmental entity were more properly directed to the Legislature. The court then took the matter under advisement. An order granting defendant's motion "for the reasons stated on the record in open court" was entered April 5, 2019. Plaintiff filed a claim of appeal challenging the grant of summary disposition.

A. *Logan I*

The *Logan I* majority began its analysis by reviewing the governmental tort liability act, MCL 691.1401 *et seq*., which shields governmental agencies from tort liability, subject to several statutory exceptions. *Logan I*, unpub op at 3. The exception implicated in this case is set forth in MCL 691.1402a, the pertinent portion of which states:

> (1) A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair.

(2) A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk.

(3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

(a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

(b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.

(4) Whether a presumption under subsection (3) has been rebutted is a question of law for the court.

(5) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) may assert, in addition to any other defense available to it, any defense available under the common law with respect to a premises liability claim, including, but not limited to, a defense that the condition was open and obvious.

The *Logan I* majority concluded that MCL 691.1402a(5) afforded defendant, as a municipal corporation, the ability to assert the open and obvious danger doctrine as a defense to its statutory duty under MCL 691.1402a. *Logan I*, unpub op at 4.

Applying the doctrine, the majority observed that "Michigan courts have described uneven payment as an 'everyday occurrence' that constitutes an open and obvious condition unless unique circumstances surround the area in issue and render the uneven pavement unreasonably dangerous." *Id*. (citation omitted). Because the risk presented by the defective sidewalk in this case "was the risk of falling a short distance to the ground," the majority concluded that the sidewalk did not pose "an unreasonable risk of harm as that term of art has been decided in our case law." *Id*. Consequently, the trial court did not err by granting summary disposition in defendant's favor for want of a genuine issue of material fact as to whether the defective sidewalk was unreasonably dangerous. *Id*. at 4-5. Turning to plaintiff's contention that the open and obvious danger doctrine should not be applied to negate the statutory duty imposed by MCL 691.1402a, the majority construed plaintiff's complaint as one addressing the fairness of the statutory scheme and held that such complaints could not be remedied by the judiciary. *Id*. at 5.

JUDGE JANSEN dissented, opining that plaintiff sufficiently rebutted the statutory presumption that defendant maintained the sidewalk in reasonable repair, such that a question of fact existed as to whether the condition of the sidewalk was unreasonably dangerous. *Id*. at 2-3 (JANSEN, J, dissenting).

Plaintiff filed an application for leave to appeal with our Supreme Court and our Supreme Court scheduled oral argument on the application and directed the parties to file supplemental briefs addressing:

(1) whether application of the open and obvious defense (MCL 691.1402a(5)) to claims against municipal corporations involving vertical discontinuity defects of greater than 2 inches (MCL 691.1402a(3)(a)) abrogates the municipal corporation's statutory duty to maintain a sidewalk in reasonable repair under MCL 691.1402a(1); and (2) whether the Wayne Circuit Court erred by dismissing the plaintiff's claim under the open and obvious doctrine, and specifically whether the sidewalk at issue was unreasonably dangerous. [*Logan v Southgate*, 508 Mich 956 (2021).]

Oral argument was held on October 12, 2022, and plaintiff's application remained pending until September 8, 2023, when the Supreme Court vacated *Logan I* and, as stated above, remanded for reconsideration considering *Kandil-Elsayed* and its companion case. *Logan II*, 512 Mich at 918. Our Supreme Court remanded the matter as indicated above and for the reasons set forth in this opinion, we reverse the trial court's grant of summary disposition and remand the matter for additional proceedings consistent with this opinion.

## II. ANALYSIS

The trial court's grant of summary disposition based on the open and obvious danger doctrine is no longer supported by law. *Kandil-Elsayed*, the opinion on which this Court is to focus on remand, altered the legal framework governing premises liability claims by overruling *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), which previously required the open and obvious danger doctrine to be considered in the context of a defendant's duty of care. *Kandil-Elsayed*, 512 Mich at 103. In reaching that decision, our Supreme Court held that *Lugo* was wrongly decided, "generated a host of practical-workability problems," and that reliance interests were not strong enough to uphold the *Lugo* framework. *Id*. However, in so ruling our Supreme Court did not completely abandon the open and obvious danger doctrine, explaining: "The open and obvious nature of a condition remains a relevant inquiry in a premises-liability case. However, to the extent prior cases have held that it should be analyzed as a part of a land possessor's duty, those cases are overruled. Rather, the open and obvious nature of a danger—i.e., whether it is 'reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection," is relevant to the defendant's breach and the plaintiff's comparative fault.' *Kandil-Elsayed*, 512 Mich at 144. (internal citations omitted). Hence, *Kandil-Elsayed* declared that the open and obvious nature of a condition is relevant to the element of breach and, assuming an otherwise actionable premises liability claim has been established, whether the plaintiff's damages should be reduced based on comparative fault. *Id*.

Our Supreme Court likewise overruled the special-aspects exception "to the extent that it departed from the anticipation-of-harm standard in § 343A of the Second Restatement [of Torts]." *Id*. at 147. While courts previously engaged in a narrow analysis of whether the purportedly dangerous condition was effectively unavoidable or posed an unreasonable risk of severe harm, under the new framework outlined in *Kandil-Elsayed* the fact-finder must consider whether the defendant should have anticipated harm despite the obviousness of the dangerous condition. *Id*.

-4-

"While we reiterate the viability of the anticipation exception today, as articulated in the Second Restatement, we make clear that whether a land possessor should anticipate harm from an otherwise open and obvious danger is a relevant inquiry under *breach*, not duty." *Id*. at 147-148.

Hence, our Supreme Court provided the following summary of the now controlling standards:

> To summarize, a land possessor owes a "duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Williams* [*v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988)]. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. Our decision does not alter the standard of reasonable care owed to an invitee, meaning that it's not necessary for land possessors to heed the advice in JUSTICE VIVIANO's dissent to "immediately . . . rectif[y]" hazards on their property to avoid liability. Rather, as has always been true, a land possessor need only exercise reasonable care under the circumstances. As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id*. at 148-149. (second alteration in original)]

Here, the trial court granted defendant's motion for summary disposition on the basis that the sidewalk defect was open and obvious and without special aspects, thereby negating the duty defendant owed under MCL 691.1402a. Plaintiff's principal claim of error focused on special aspects because, to the extent special aspects rendered the open and obvious defect unreasonable, defendant would not be relieved of its duty of care. See *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). ("[L]iability may arise when *special aspects* of a condition make even an open and obvious risk unreasonable."). But under *Kandil-Elsayed*, the open and obvious nature of the defect no longer precludes the existence of a duty. *Kandil-Elsayed*, 512 Mich at 147-148. To the contrary, defendant plainly had a statutory duty to "maintain the sidewalk in reasonable repair" under MCL 691.1402a(1). Therefore, assuming the trial court granted defendant's motion for summary disposition for lack of a material question of fact regarding the duty element, its reasoning is no longer supported by law.

Moreover, even viewing defendant's open-and-obvious argument in the context of the breach element, summary disposition was improper. As a municipal corporation, defendant is entitled to an initial presumption that it fulfilled its duty to maintain the sidewalk in reasonable care. MCL 691.1402a(3). That presumption, however, may be rebutted with evidence described in MCL 691.1402a(3), including evidence showing that "[a] vertical discontinuity defect of 2 inches or more in the sidewalk" was a proximate cause of the plaintiff's injury. MCL 691.1402a(3)(a). On remand, we concur with our dissenting colleague that the photograph shown above of the uneven sidewalk on which plaintiff tripped, clearly demonstrated that the vertical

discontinuity between the two slabs of sidewalk was more than 2 inches for the portion of the sidewalk nearest the road. As a matter of law, plaintiff sufficiently rebutted the presumption that defendant maintained the sidewalk in reasonable repair. See MCL 691.1402a(4) ("Whether a presumption under subsection (3) has been rebutted is a question of law for the court."). Thus, at minimum, a question of fact existed with respect to the breach element of plaintiff's claim, and the trial court's order granting summary disposition is reversed.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Stephen L. Borrello